IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:23-CR-0021 |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER PACKER | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Defendant Christopher Packer ("Packer") is charged in a three-count indictment with, among other charges, felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 3). (Doc. 1.) Before the court is a motion to dismiss that count based on the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), arguing that Section 922(g)(1) is unconstitutional as applied to him. (Doc. 22.) Following protracted litigation due to the ever-changing legal landscape of Second Amendment jurisprudence, the court finds that dismissal of Count 3 is precluded by *United States v. Quailes*, 126 F.4th 215 (2025), and *United States v. Moore*, 111 F.4th 266 (3d Cir. 2024). Thus, the motion to dismiss will be denied.

### BACKGROUND

Packer was charged by indictment on February 1, 2023, with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count 1), possession of a firearm in furtherance of drug trafficking in violation of

1

18 U.S.C. § 924(c) (Count 2), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) He had an initial appearance on February 22, 2023, and was detained pending trial. (Doc. 13.)

On July 12, 2023, Packer filed a motion to dismiss the indictment arguing that Section 922(g)(1) is unconstitutional as applied to him based on the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and the Third Circuit's *en banc* opinion in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) ("*Range II*"). (Doc. 22.) *Range II* found that Section 922(g)(1) violates the Second Amendment as applied to Range based on the application of the holding in *Bruen*. 69 F.4th at 96. While this motion was pending, the court granted motions to dismiss in two other cases regarding Section 922(g)(1) holding that, as applied to each defendant, the Government failed to establish that Section 922(g)(1) is consistent with the Nation's "historical tradition of firearm regulation." *United States v. Quailes*, 688 F. Supp. 3d 184, 187 (M.D. Pa. 2023); *United States v. Harper*, 689 F. Supp. 3d 16, 20 (M.D. Pa. 2023). The Government appealed these decisions.

While the *Quailes* and *Harper* appeals were pending, several notable decisions were published. First, on July 2, 2024, the Supreme Court granted a petition for writ of certiorari for *Range II*, vacated the judgment, and remanded *Range II* for further consideration based on the Court's decision in *United States v.*

*Rahimi*, 602 U.S. 680 (2024). *Garland v. Range*, 144 S. Ct. 2706, 2707 (2024). Then, on August 2, 2024, in *United States v. Moore*, 111 F.4th 266, 273 (3d Cir. 2024), *petition for cert. filed*, No. 24-968 (Mar. 7, 2025), the Third Circuit held that "[a] convict completing his sentence on [federal] supervised release does not have a Second Amendment right to possess a firearm." Lastly, on December 23, 2024, the Third Circuit issued another *en banc* opinion in *Range v. Attorney General*, 124 F.4th 218 (3d Cir. 2024) ("*Range III*"), again finding that Section 922(g)(1) violates the Second Amendment as applied to Range based on the application of the holdings in *Bruen* and *Rahimi*.

Thereafter, on January 17, 2025, the Third Circuit reversed and remanded the consolidated appeals in *Quailes* and *Harper*, extending the holding in *Moore* to individuals being supervised by state parole or probation. *United States v. Quailes*, 126 F.4th 215, 224 (3d Cir. 2025). On February 25, 2025, the court required the parties to file a joint notice advising whether Packer was serving a term of supervised release, probation, or parole for any state or federal criminal offense at the time of the offense alleged in the indictment. (Doc. 42.) The parties filed a joint notice on March 18, 2025, advising the court that Packer was on parole in the Commonwealth of Pennsylvania at the time of the offense alleged in the indictment. (Doc. 43.) Therefore, the motion to dismiss is ripe for review.

3

Packer remains detained pending trial and has a list trial date of May 5, 2025. (Docs. 13, 41.)

**DISCUSSION**

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). In the briefs in support and in opposition to the motion to dismiss, the parties argue the applicability of *Bruen* and *Range II* to the charge in this case. (*See* Docs. 77, 78, 81, 82.) However, since the briefing of the pending motion was completed, the Third Circuit issued opinions in *Moore* and *Quailes*.[1] In *Moore*, the Third Circuit held that "[a] convict completing his sentence on [federal] supervised release does not have a Second Amendment right to possess a firearm." 111 F.4th at 273. The Third Circuit extended this holding in *Quailes*, holding that Section 922(g)(1) "is constitutional as applied to convicts on [state] parole or probation." 126 F.4th at 224. Thus, controlling Third Circuit precedent provides that the Second Amendment provides no protection to a

---

[1] The court notes that there have been critical developments in Second Amendment jurisprudence in recent years, which have been exhaustively detailed by the Supreme Court and Third Circuit. *See, e.g.*, *Bruen*, 597 U.S. 1; *Range III*, 124 F.4th 218. By not detailing those caselaw developments in this memorandum, the does not overlook the significance of these developments. Rather, the court is expediting its analysis here because the parties do not dispute the applicability of controlling precedent, *i.e. Moore* and *Quailes*, to the specific issue presented in this case.

defendant who was on federal supervised release or state probation or parole at the time the offense at issue was purportedly committed.

Here, the parties agree that Packer was on parole in Pennsylvania on November 6, 2022, the offense date alleged in the indictment. Therefore, *Quailes* is controlling and the motion to dismiss will be denied.

## CONCLUSION

Accordingly, for the reasons stated herein, the motion to dismiss, Doc. 22, will be denied. An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: April 3, 2025